Case number 19-3749 United States of America v. Jason Rosales Arguments not to exceed 15 minutes per side Mr. Paulson for the appellant May it please the court, Colter Paulson of the Sixth Circuit Clinic and Squire Patton Boggs on behalf of Appellant Jason Rosales With me are Trane Robinson and Katie Visala from the clinic who will do the argument for Mr. Rosales Thank you May it please the court, Trane Robinson from the Sixth Circuit Clinic and for the appellant Jason Rosales I'd like to reserve two minutes of our time this morning for rebuttal Your honors, I have two arguments to present The evidence was insufficient and the conspiracy instruction error was not harmless My co-counsel will present our obstruction enhancement argument First, your honors, the government did not establish the knowledge or agreement elements of conspiracy It presented a single transaction where Mr. Rosales picked up a bag of fake drugs at the DEA's instruction acting through Ms. Duran Under United States v. Dietz, this mere transaction is not enough to sustain a conspiracy conviction Secondly, something more is required, like prolonged cooperation An enduring agreement beyond the transaction itself with a shared stake An agreement beyond the shares It was a long conversation, wasn't there? By telephone between the fellow from Mexico, the lady that brought the drugs, and your client? Your honor, there was no agreement beyond the sale itself All we have is an attempt to possess case with conspiracy grafted on but without the sufficient facts This court in Dietz teaches what facts are necessary to infer a conspiratorial agreement from a simple transaction We know here that Duran did not contact Rosales until the 11th hour, long after the run-up to the drugs arriving here in Ohio And the government has advanced no theory, let alone adduced evidence What does that mean? Just moments before, or a day before, or two days before? Your honor, this court's cases establish prolonged coordination In this case? Mr. Ann reached out to Mr. Rosales after 11am on the day of his arrest And this is the first Dietz factor, the length of the relationship It favors us because the length of the relationship was just one day There's actually evidence of a recorded phone call at 4pm Christian was speaking with Duran that there was still no agreement And they were still looking for somebody to pick it up Mr. Robinson, under conspiracy law, when there's an agreement, the object of which is to commit an unlawful act When the person buys into that, at whatever point they agree to come into this by words or deeds Isn't that enough then to complete the conspiracy? Because it kind of depends on, as you say, the length of the operation And not all people have to come into it at the same time, do they? No, your honor, they don't all need to come in at the same time But what Dietz and Hamm from this court established is that there must be prolonged coordination Some sort of interlocking interest beyond the mere sale This is the buy-sell doctrine of this court And all four of Dietz's factors, none of them elevate this simple transaction into a conspiratorial agreement The government is not satisfied One of the things that makes the buy-sell agreement is usually the buyer is just buying drugs for himself There are far more drugs here than one would think someone would have for themselves So the quantity, I agree, your honor, is relevant in this case But if you look to United States against Hamm, it was also relevant in that case But Hamm said the evidence cuts both ways What turned that case in the government's favor was the fact that the relationship was both exclusive and ongoing And that's exactly what's lacking from this case We know it was not an exclusive relationship because there's text evidence from Christian That, well, last time somebody else knew just where to go and knew just what to do But Rosales did not know, he went to the wrong hotel So we know this is not an exclusive relationship And more importantly, there's nothing ongoing here This gets back to the prolonged coordination In Hamm, there was an ongoing relationship agreement going forward But here the government has said nothing What do you make counsel of the small amount of money your client had to pay for all these drugs? Well, the small amount of money establishes that there was no established method of payment There's no evidence of something like a fronting arrangement, which is an indicator of mutual trust Which is one of the deeds factors Well, one could consider that though, because of the small amount of money Isn't that true? The small amount of money is relevant, but it doesn't establish that there was a fronting arrangement There was no exchange of this money, there was no established method of payment If the theory is Mr. Rosales was to pay Duran that money He would have left the money in the van where he picked up the bag But that's just not what happened in this case We have no exchange of cash Didn't he have exactly the amount they talked about on the phone, $5,000? No, your honor, Mr. Rosales had approaching $7,000 And he's an unbanked individual, and there's nothing incriminating about him having cash There was no exchange of this cash or evidence that he would exchange it If that would have been the case, he would have left There was opportunity for him to leave the cash in the van where he got the drugs Or something of the like Returning to the deeds factors, in addition to there not being an established method of payment There was no standardized transaction There's evidence here of confusion and frustration Christian encouraged Duran to ditch the bag It was an exchange gone wrong I see my time is short, if I could just spend a moment talking about the conspiracy instruction error Because the government cannot establish that that error was harmless Critically, the burden on sufficiency is flipped on its head for the harmless error analysis Because the government must establish with certainty that the error was harmless It cannot do that here because the lack of the reasonable foreseeability instruction Took away an essential jury element If I could just rewind for one moment Everybody agrees that the court charged the jury with the wrong instruction Asking it to find the conspiracy-wide amount instead of that amount which was reasonably foreseeable to Mr. Rosales The government conceded that at page 35 and 36 of its brief So we're only analyzing whether the error was harmless That error was not harmless because reasonable foreseeability is a limiting condition On the amount of product that is attributable to Mr. Rosales And here that amount And so the jury was not able to make that finding in the first instance A finding of harmlessness would amount to this court saying making that finding But that is up to the jury The government says that the error is harmless because of the concurrent sentences But United States v. Davis from this court is the controlling law And Davis acknowledges adverse collateral consequences that can stem from an improper conviction Such as disfavor before the parole board All right, thank you very much Thank you, Your Honor May it please the court Katie Vasala on behalf of Jason Rosales Your Honors, I will address the discrete issue of the sentencing enhancement Remand is required because the district court did not apply the obstruction of justice enhancement properly I will begin with the fact that the district court Entered no factual findings to determine if there was a material hindrance This alone requires remand An action that takes place contemporaneously with arrest Is not sufficient to apply the enhancement Unless that action resulted in a material hindrance to the official investigation So the inability of the government to retrieve the data from the telephone Is not sufficient to meet that requirement Even though it was contemporaneous They said he threw it with such force that the telephone shattered And they could not retrieve the data Well, Your Honor, the factual findings made by the district court went to willfulness Which is a required finding to apply the enhancement in any instance And in this case, the district court did not enter proper factual findings To determine if Mr. Rosales acted willfully But the standard here, because it occurred contemporaneous with arrest Is that the district court must have entered factual findings To determine if there was a material hindrance And this district court did not enter those findings In Kaminsky, this exact same situation happened The district court entered findings that the defendant acted willfully When it should have determined if there was an obstruction to the investigation And this court remanded to the district court to do so Thus, there was one relevant question in this case Whether the throwing of the phone materially hindered the investigation In Williams, this court held that the district court should not have applied the enhancement Because there was little evidence of an obstruction If we sent this back, counsel, what would you want the district court to do? Well, Your Honor, in Williams, this court held that since there was no evidence in the record It remanded for re-sentencing without the use of the enhancement So this court can do that But wasn't your client sentenced within the lower guidelines? Yes, Your Honor, however, this, the government here So, again, he was sentenced in the proper guidelines If we follow your argument, so what would we ask the district judge to do? Your Honor, the government never argues that this error was harmless However, the precedent set forth in Morlina-Martinez by the Supreme Court States that the error itself in the guidelines is sufficient to prove that the error was not harmless Even if the defendant was ultimately sentenced to a range that was in the proper range So here, the district court could have varied even further downward If the obstruction was never applied But he didn't, at this point, go all the way down to the lowest sentence he could have given Under those particular guidelines I mean, he could have gone down 235 months or something, he went to 240 That is correct, Your Honor And that alone is enough to show that this was in error and should be remanded Well, it's enough to show that he didn't want to make it any lower than 240 I mean, if you're going to make inferences, that's just Well, the Supreme Court precedent is that the error itself is enough to show that The defendant could have been sentenced to a lower guideline The standard here is not whether the defendant would have received the exact same sentence But rather, could the defendant have received a different sentence Additionally, in addition to the material hindrance issue The district court also failed to state what specific facts it relied on To hold that Mr. Rosales acted with the willful intent to destroy the internal information on the cell phone As a proper willfulness finding is necessary to apply the enhancement in any case Remand is required However, even if this court does find that the district court entered proper factual findings To determine that Mr. Rosales acted with the proper willfulness intent Remand is still required for the district court to consider whether there was a material hindrance As I stated before, this court remanded the use of the enhancement Where the district court relied on a finding of willfulness Again, that is exactly what happened in this case The district court needed to consider whether the action significantly obstructed the investigation For all these reasons, the reversal of the sentencing enhancement is required On remand, the district court should re-sentence Mr. Rosales without the use of the enhancement Thank you Thank you very much We'll hear from opposing counsel for the government Mr. Kohler You're mute We can't hear you I apologize, your honor May it please the court, Kevin Kohler on behalf of the United States This court should affirm both the conviction and sentence here Turning first to defendant's convictions The evidence was more than sufficient for any rational juror to find that the defendant both conspired And attempted to possess with intent to distribute the 4.4 kilograms of methamphetamine at issue here Turning first to defendant's argument that the evidence was insufficient to establish the existence of the conspiracy Because this was, as Rosales claims, nothing more than a simple buy-sell transaction The United States' position is that because this argument was raised for the first time in Rosales' reply brief The issue has been waived We acknowledge that Rosales cites the deeds factors in the opening brief But the opening brief focused exclusively on the mens rea element If the court reaches the merits of the argument that there was insufficient evidence to establish a conspiracy That argument still fails on the merits This is not a case where the defendant charged a single buy-sell transaction, a street-level transaction And is trying to tie it into a larger conspiracy Here, the object of the charged conspiracy was the importation from Mexico to California to Ohio The 4.4 kilograms of methamphetamine And because we're not seeking to link individual street-level transactions The deeds factors largely don't apply here This court has repeatedly held that a jury can infer the existence of a conspiracy from the sheer quantity of a transaction Here, the trial testimony was that the amount of drugs at issue were equivalent to 4,400 individual user amounts It was also not packaged for individual user consumption There were 10 discrete packages, each about half a kilo In those circumstances, jury could easily infer this was not a simple street-level buy-sell transaction So while the amount of the drugs alone is enough to infer the existence of a conspiracy The jury could also infer the existence of a conspiracy and not a simple buy-sell transaction Based on Rosales' involvement with the drug supplier And also Rosales' involvement in financing the importation of the drugs from Mexico That includes having the $5,000 in cash on its person to give to Duran Which the trial testimony indicated was to compensate her And also the use of the money orders that were found in the car that Rosales was driving That matched the name of the money orders used to fund the importation of the drugs And paying Duran's expenses, paying the expenses of Duran's babysitter We would note that those money orders found in the truck and also used to fund this were from February 10th So that's four days before the actual transaction With respect to knowledge, we would note that there's sufficient evidence to establish That Rosales knew about the conspiracy and knew about the drugs He was in contact directly with the drug supplier He was also in contact with the drug courier He had the connections with the financing And he actually went and attempted to pick up the drugs Again, all strong evidence from which a rational jury could infer That he knew about the conspiracy and intended to join it Judge Sreinrich, you asked about the amount of money he had The amount of money he had on him was over $6,000 But the relevant evidence was that the $50 bills and the $100 bills added up exactly to the $5,000 I just wanted to point that out If there are no questions on the sufficiency argument, I turn to the sentencing arguments The United States agrees with Rosales that the district court should have given the defendant Specific instruction that the government requested here That would have required the jury to find the amount of drugs attributable to defendant's own conduct As well as the conduct of his co-conspirators that was reasonably foreseeable to him Within the scope of the jointly undertaken activity and in furtherance of the criminal activity The error here was harmless We believe that the court doesn't have to address this under Burns Burns we don't think is incompatible with Davis Davis is looking at conviction Burns is specifically looking at a challenge to a sentence And Burns was specifically looking at an issue similar to here The failure to make drug findings that were then required under Apprendi So Burns has a more specific case Could allow the court in its discretion not to reach the issue But if the court reaches the issue, I think under Stewart The evidence here established beyond a reasonable doubt That defendant's own conduct involved 4.4 kilograms of meth Importantly, the Sweeney analysis Which incorporates the sentencing guidelines Makes the defendant responsible for the drug quantities involved in his own conduct As well as the conduct of his co-conspirators The reasonable foreseeability problem only applies when you're looking at the conduct of the co-conspirators That the defendant was not directly involved in Here we know that Rosales was directly involved in picking up For attempting to pick up the 4.4 kilograms of meth So that amount, because it's his own conduct, is attributable to him And applies to the 846 charge And so because the evidence establishes this amount It was not harmless error to give the wrong jury instruction Because even if the court had given the correct jury instruction The 841B1A's enhanced penalty still would have been triggered The other harmless error argument we talked about briefly Is that even if this court were to find that the government had not established Beyond a reasonable doubt the relevant quantities Remand would still not be required Because the sentence imposed was 20 years That's still within 841B1C's default statutory range And there's no evidence that the 10-year mandatory minimum B1A that the court applied here had any impact on the sentence That's a 10-year mandatory minimum Obviously the court applied a 20-year sentence here This court hasn't directly addressed the issue But in similar circumstances, the Third Circuit and the Seventh Circuit Both found any errors harmless Based on the fact that the sentence imposed Was significantly above the mandatory minimum When you say that it wouldn't have made a difference If the court had given the correct instruction Don't we have to then just assume or presume What the quantity that the jury would have found That it would have exceeded a certain level Isn't that an assumption that we're being asked Or that we're having to make When you say that it wouldn't have had any effect And what about those factors that your opposing counsel said That it could affect certain other things Collaterally as a part of the sentencing process Is that something that ought to be considered In this whole calculation? So turning to the first issue That's the analysis that this court's precedent and Stewart Would ask this court to do Is to look at what was established at trial Beyond a reasonable doubt So that does put this court in the process of evaluating The quantities that were established at trial Here we actually know that the jury actually returned a verdict On the attempt count saying he was directly involved So we would submit that That is the proper analysis that this court would take And it is established here under Stewart With respect to the additional factors That would go to the first point of whether or not This court needs to address the issue at all We think under Burns you don't have to Because there's no real collateral consequences identified There's the potential down the road I know they set a Seventh Circuit case where they said Well maybe one of the sentences could be reduced They could cap it That's fairly speculative But even if you get past that Burns hurdle You're still left with the Stewart analysis And then you're also left Even if you find that there was not sufficient evidence To trigger the enhanced penalty range Then you can still look at Well did the fact that the court imposed Or the court had a mandatory minimum in front of it Did that impact the sentence at all? And again the record here indicates There's no impact on that either Turning finally to the obstruction of justice enhancement The district court did not err in applying The two-step obstruction of justice enhancement Importantly before the district court Rosales only challenged the finding That he was trying to destroy the cell phone When he spiked it to the ground He never contested before the district court The PSR's finding that the destruction of the phone Impeded the investigation And Rosales argues for the first time in his reply brief That it was error not to make specific factual findings About whether or not there was a material hindrance Because that argument was raised for the first time In the reply brief The United States position would be that it's waived But even if considered under the plain error standard There's no error here The federal rules of criminal procedure Only require a district court to make factual findings About those aspects of the PSR that are disputed If the defendant does not dispute an element of the PSR The district court can accept that factual finding Without making additional findings on the record Which it did here Because Rosales never questioned whether or not The destruction of the phone impeded the investigation Of course the district court didn't make factual findings And wasn't required to make factual findings It was also not error, let alone plain error For the court to accept the PSR's finding That the destruction of the phone did impede the investigation The phone here was the key link between Rosales Between the drug courier and the drug supplier The evidence at trial was that Because he destroyed the phone We were not able to recover those communications The government was not able to recover those communications It's true we had the communications Between Rosales and Duran the courier But we didn't have the communications in Rosales And the drug supplier We know there were at least seven texts And two phone calls on that day We also know there was evidence That he had other contacts with Mexican phone numbers The evidence at trial from Agent Villa Was that these were likely drug contacts in Mexico We're not able to recover any evidence About the content of those communications And that's sufficient to establish That there was an actual impeding And material hindrance to the investigation Accordingly, it was not error, let alone plain error For the court to accept the unchallenged aspect of the PSR Rosales did challenge Whether he acted with intent before the district court The district court did make the required Specific factual findings It didn't just say it was I find he acted willfully that he was trying to destroy It also pointed out that it reached that conclusion Based on the force with which Rosales threw down the phone It said that this created an unrebutted inference That he was actually trying to destroy the phone That finding that he was trying to destroy the phone Based on the force with which he threw it down We would submit as not clear error It's also backed up by the fact that when he spiked the phone violently He also yelled an expletive and then shortly thereafter Told the arresting officer, I bet you had fun today So in that context, again, it was not clear error To find that he intended to destroy the phone And the district court was not required To make any factual findings about material hindrance And in any event, the destruction of the phone Did materially investigation If there are no further questions United States United States would rest on its brief and ask This court affirmed both the conviction and sentence All right. Thank you very much. We'll hear rebuttal Thank you, your honors Just a few quick points on rebuttal First on the obstruction enhancement Our argument Our argument was preserved at page 29 of our brief With our subheading saying that there was no material hindrance From the phone being lost And on the facts, the data was not lost from the phone By throwing the phone to his feet in plain sight Counsel, was the issue first raised in your reply brief? No, at page 29 of our opening brief, your honor Our subheading says Says it was not a material hindrance And on the facts, the data Was there a specific argument made to that? Yes Yes, that we were applying the contemporaneous with arrest exception Because there was no material hindrance From him throwing his phone to his feet In plain sight And the cell phone data was recoverable It was just that the phone was rendered inoperative The battery in the case was recovered The information on the phone could have been too If I could move Moving on to the sufficiency We also preserved our deeds argument by citing deeds Quoting the factors at pages 15 and 16 of our opening brief And arguing in the following paragraph Deeds firmly establishes That a mere transaction is not enough To establish a conspiratorial agreement Ham and other cases from this court say the same Here, none of the deeds factors elevate This spot exchange Into an enduring relationship With common stake I heard my friend from the government say that there's nothing to look at going forward Only the backward looking information is relevant Well, we know from the record at page ID 987 That Ms. Duran did not reach out to Rosales Until after 11 p.m. on the day of his arrest Long after the run up to the drugs arriving here in Ohio So it's hard to say that there was a conspiratorial agreement Looking backwards when Rosales wasn't even involved Until the drugs were here and Christian and Duran Were frantic to find a recipient Based on deeds In the absence of any of those plus factors There's nothing to infer a conspiratorial relationship From the mere sale without any agreement Beyond the sale itself If your honors have no further questions We ask that you reverse the convictions Or at the very least remand for resentencing On the conspiracy instruction air and the instruction enhancement Thank you, your honors All right, thank you very much Appreciate your arguments, which were well done And the case shall be submitted